IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BRANDON DEPAUL LARRY MCARTHUR**            **PLAINTIFF**

V.            **CIVIL ACTION NO. 3:23-cv-334-DPJ-LGI**

**COMMISSIONER OF SOCIAL SECURITY**            **DEFENDANT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court on the Motions for Leave to Proceed *in forma pauperis* ("IFP") and Supplemental Motion for Leave to Proceed IFP filed by Plaintiff Brandon McArthur. Having examined the applications and financial affidavits submitted in support thereof, the undersigned recommends that the motion be denied, and Plaintiff be directed to pay the filing fee.

28 U.S.C. § 1915(a)(1) is intended to provide access to federal courts for those who lack the financial resources to pay any part of the statutory filing costs. *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988). Whether a party may proceed IFP in the district court is based upon economic criterion, including, but not limited to, information related to the applicant's income, assets, bank accounts, or expenses. *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). Such information is necessary to assess "whether the movant can afford the costs [of filing] without undue hardship or deprivation of the necessities of life." *Id.* It is a "privilege to proceed at the expense of the government [, i.e., the taxpayers] and the district court has the power to ensure that this privilege is properly granted." *Lay v.*

*Justs.-Middle Dist. Ct.*, 811 F.2d 285, 286 (5th Cir. 1987).  Accordingly, in evaluating an allegation of poverty, the Court may "conduct reasonable investigations" into an applicant's financial status.  *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016).

In evaluating whether a request to proceed IFP should be granted, courts often look to the Poverty Guidelines issued annually by the United States Department of Health & Human Services and compare it to the applicant's average monthly income for the past 12 months. *See Shepard v. U S Postal Inspection Serv.*, No. 2:21-CV-106-KS-MTP, 2021 WL 3828736, at *1 (S.D. Miss. Aug. 6, 2021), *report and recommendation adopted sub nom. Shepard v. U.S. Postal Inspection Serv.*, No. 2:21-CV-106-KS-MTP, 2021 WL 3828442 (S.D. Miss. Aug. 26, 2021) (collecting cases).  The applicable poverty guideline for a one-person household is $14,580.  *See* Annual Update of the HHS Poverty Guidelines, 87 FR 3424-01 (Jan. 19, 2023), 2023 WL 255891. Given Plaintiff's monthly reported income, his annual income of $26,068.68 would therefore exceed the Poverty Guidelines by $11,488.68.  His monthly expenses of $1450.00 are also less than his monthly income of $2,172.39 by a difference of $722.39, which would be sufficient to cover the filing fee in this case.  Even if Plaintiff's reported monthly income were excluded from consideration, Plaintiff reports a total of $2,001.27 in his savings account, which is also sufficient to cover the filing fee in this case.

In light of this financial information, the undersigned directed Plaintiff to file a supplemental application addressing why he cannot pay the costs of these proceedings given the balance listed in his savings account and his anticipated monthly income.

Plaintiff has responded that his "current monthly expenses," along with rising inflation and the increased price of gas, have "decimated" his savings account, reducing his savings to $1000.00. As a result, Plaintiff states that he will not be able to pay for any emergencies or unforeseen expenses "while being able to meet financial obligations." However, even if the Court were to exclude Plaintiff's savings from consideration, Plaintiff does not address the fact that his annual income still exceeds the poverty guidelines, nor the fact that the difference between his monthly income and expenses is still sufficient to cover the filing fee in this case.

Courts have denied IFP applications even where the plaintiffs' expenses exceed their income. *See Slaughter v. Vilsack*, No. 4:12-CV-94 CDL, 2013 WL 1704909 (M.D. Ga. Apr. 19, 2013). "Section 1915 is designed to protect those litigants who suffer true financial hardship, not those who are well-equipped to pay the filing fee but choose to allocate their resources in a different manner." *McCoy v. Colvin*, No. CIV. 13-2068, 2013 WL 868682, at *1 (W.D. Ark. Mar. 7, 2013). A plaintiff need not be destitute to proceed *in forma pauperis*, but his poverty must prevent him from paying the filing fee and from providing himself and his dependents (if any) with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). No such showing has been made here.

Because Plaintiff's applications indicate that he is financially able to pay the filing fee without imposing an undue hardship or deprivation of the necessities of life if given a reasonable amount of time to tender the fee, the undersigned recommends that his

applications to proceed IFP should be denied, and he be directed to pay all costs associated with the filing of this lawsuit within 30 days.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on June 21, 2023.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE
